FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

2011 FEB 10  AM 11: 26

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SISUNG INVESTMENT MANAGEMENT SERVICES, LLC | CIVIL ACTION |
| | NO. **11-0287** |
| VERSUS | SECTION |
| SCHRODER INVESTMENT MANAGEMENT NORTH AMERICA, INC. | MAG. **SECT. A MAG. 3** |

### COMPLAINT

NOW INTO COURT, through undersigned counsel, comes plaintiff, Sisung Investment Management Services, LLC (hereinafter referred to as "SIMS"), and files this complaint seeking damages against defendant, Schroder Investment Management North America, Inc. (hereinafter referred to as "Schroder"), for breach and anticipatory repudiation of its contract, as set forth herein below:

### JURISDICTION AND VENUE

1.      This court has jurisdiction under 28 USC 1332 and that this is an action between citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and cost.

Fee 350
✓ Process
x Dktd
   CtRmDep
   Doc. No.

2.      Venue is proper under 28 USC 1391(a)(2) in that a substantial part of the events giving rise to this claim and a substantial part of the property that is the subject of this action is situated in this judicial district.

## THE PARTIES

3.      Petitioner, Sisung Investment Management Services, LLC ("SIMS") is a Louisiana LLC having its principal place of business in New Orleans and is an investment advisor registered with the United States Securities and Exchange Commission ("SEC").

4.      Defendant, Schroder Investment Management North America, Inc. ("Schroeder"), is a Delaware corporation, having its principal place of business in New York, New York, and is an SEC registered investment advisor. Schroder is a foreign corporation not licensed to do business in Louisiana.

## SCHRODER'S CONTRACT WITH SIMS

5.      In November of 1992, Wertheim Schroder (to which Schroder is successor) entered a Solicitor Agreement with Sisung Securities Corp., under which Schroder obligated itself (among others) to pay Sisung a fee (based on assets under management) for investment management relationships introduced to Schroder by Sisung. That Solicitor Agreement is attached in full as Exhibit A (incorporated by reference).

6.      That Solicitor Agreement provided, in part:

> "[Schroder] shall pay Sisung for the individuals or organizations whose names and addresses are provided to [Schroder] which becomes a client ("Advisory Client") of WSIS in an amount equal to 40% of the first $150,000 of investment advisory fees earned by WSIS from such Advisory Clients, plus 30% of the next $100,000 of advisory fees earned by WSIS from such Advisory Clients, plus 50% of amounts in excess of $250,000 earned by WSIS during each full year that such Advisory Clients remain clients of WSIS. Such payments shall be made by WSIS to Sisung for so long as WSIS renders advisory services

> to such Advisory Clients with respect to any assets which such
> Advisory Clients retain WSIS to manage."

Solicitor Agreement (Ex. A) at ¶3.

7.      That Solicitor Agreement further provided, in part:

> "Notwithstanding anything contained herein to the contrary, WSIS shall
> continue to pay Sisung the payments as delineated in Paragraph 3
> hereinabove even in the event of a termination of the agreement."

Solicitor Agreement (Ex. A) at ¶7.

8.      Schroder partially terminated the Solicitor Agreement, but only as to new account

relationships entered after April 29, 1996.

9.      In 2002, Sisung Securities Corp. assigned its interests in the Solicitor Agreement

to SIMS, with Schroder's express consent.

10.     By letter dated December 21, 2010, Schroder notified SIMS of its termination of

the Solicitor Agreement; but under Section 7, that termination is not effective until 180 days later

(June 19, 2011).

### SCHRODER'S INVESTMENT MANAGEMENT AGREEMENT WITH LaSERS

11.     Sisung introduced the Board of Trustees of the Louisiana State Employees

Retirement System ("LaSERS") to Schroder.

12.     As a result of Sisung's work under the Solicitor Agreement, Schroder entered a

1994 Domestic Fixed Income Investment Manager Contract under which Schroder would earn

fees acting as an investment manager for LaSERS.

13.     Schroder amended its LaSERS investment-management contract in 1997 and

again in 1999.

14.     In December 2010, Schroder again amended its Domestic Fixed Income Investment Manager Contract with LaSERS to include an additional "Distressed Debt Account," adding a new asset class to the existing LaSERS investment-management contract.

15.     Since inception of the Solicitor Agreement until the notice received in December of 2010, SIMS has actively marketed LaSERS for an increase in assets under management for the benefit of Schroder.

## COUNT I – BREACH BY NON-PAYMENT

16.     SIMS incorporates by reference its paragraphs 1-15 above.

17.     Schroder owes SIMS $20,389.51 for its third-quarter 2010 payment under the Solicitor Agreement.

18.     Schroder's payment is past due, and has not been made, despite amicable demand.

19.     Schroder has breached the Solicitor Agreement by not making the third-quarter 2010 payment.

## COUNT II – BREACH BY ANTICIPATORY REPUDIATION; DECLARATORY JUDGMENT

20.     SIMS incorporates by reference paragraphs 1-19 above.

21.     LaSERS is an "Advisory Client" procured through SIMS's services and the addition of the Distressed Debt Account under the existing LaSERS/Schroder investment management agreement prior to the effective date of Schroder's termination of the Solicitor Agreement, renders LaSERS Distressed Debt Account compensable to SIMS under the continuing-compensation provisions of Section 7 of the Solicitor Agreement.

22.    Yet, when SIMS raised the issue in a December 22 telephone conversation with Schroder's Messrs. Levesque, Harris, Williams and Ms. Mazza Mr. Levesque replied it would need to be "negotiated." Schroder's obligation under its existing agreement is not negotiable.

23.    By letter dated February 7, 2011, SIMS asked Schroder to affirm its obligation under the Solicitor Agreement.

24.    By failing or refusing to acknowledge its obligation as to the LaSERS Distressed Debt Account, Schroder has anticipatorily breached its Solicitor Agreement with SIMS. Alternatively, it has raised a genuine dispute between SIMS and Schroder sufficient for the issuance of a declaratory judgment in SIMS favor.

## **PRAYER**

25.    Wherefore, petitioner, Sisung Investment Management Services, LLC, prays that after due proceedings had there be judgment herein in favor of Sisung Investment Management Services, LLC and against the defendant, Schroder Investment Management North America, Inc., in an amount to be determined by the court at trial, plus fees and costs and for any and all appropriate declaratory relief.

Respectfully submitted,

**MARTINY & ASSOCIATES, LLC**
131 Airline Highway - Suite 201
Metairie, Louisiana 70001
(504) 834-7676

BY: _____
**DANIEL R. MARTINY (9012)**
**Attorney for Petitioner,**
Sisung Investment Management Services,
LLC